A memorializing Order accompanies this Memorandum Opinion in each case.

**Cyrena Chang PAULIN, Plaintiff,**

**v.**

**The GEORGE WASHINGTON UNIVERSITY SCHOOL OF MEDICINE AND HEALTH SCIENCES, Defendant.**

**Civil Action No. 12–86 (GK)**

United States District Court,
District of Columbia.

Filed 08/06/2013

shooting. The Court need not accept as true the legal conclusion that HBC failed to act

Seann Patrick Malloy, Aleksandr Shubin, Malloy Law Offices, LLC, Bethesda, MD, for Plaintiff.

with reasonable care. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

Allyson C. Kitchel, Nicholas S. McConnell, Jackson & Campbell, P.C., Washington, DC, Defendant.

## MEMORANDUM OPINION & ORDER

Gladys Kessler, United States District Judge

Cyrena Chang Paulin ("Paulin" or "Plaintiff") brings this breach-of-contract claim against The George Washington University School of Medicine and Health Sciences ("the University" or "Defendant"). Paulin was a student in the University's Physician's Assistant program ("PA program") until April 2011, when she was dismissed shortly before the ending of the program.

The matter is presently before the Court on Defendant's Motion for Summary Judgment [Dkt. No. 37]. Upon consideration of the Motion, Opposition [Dkt. No. 42], and Reply [Dkt. No. 49], the entire record herein, and for the reasons stated below, Defendant's Motion is **denied.**

Summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Waterhouse v. District of Columbia, 298 F.3d 989, 991 (D.C. Cir. 2002). The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. See Celotex, 477 U.S. at 323, 106 S.Ct. 2548.

■ In cases involving academic decisions, the school's decision is afforded substantial deference. See Alden v. Georgetown Univ., 734 A.2d 1103, 1108 (D.C. 1999). However, this deference is not due at the summary judgment stage if the plaintiff "provide[s] some evidence from which a fact finder 'could conclude that there was no rational basis for the decision or that it was motivated by bad faith or ill will unrelated to academic performance.'" Alden, 734 A.2d at 1109 (quoting Clements v. Nassau Cty., 835 F.2d 1000, 1004 (2d Cir. 1987)).

■ Paulin has put forth sufficient evidence of ill will unrelated to academic performance to create a genuine issue of material fact. Paulin argues that her supervisor recommended that she fail her final clinical rotation because of an "interpersonal conflict," and cites to several pieces of evidence that support her claim that such conflict existed. See Dkt. Nos. 40–13, 42–14 (Response 8), 42–20, 42–12. Paulin's failing grade in that rotation directly resulted in the recommendation, and eventually the decision, that she be dismissed from the PA program before graduation. Thus, whether or not Paulin's failing grade was motivated by "ill will, unrelated to academic performance" is a disputed issue of material fact, and precludes granting Defendant's Motion. Accordingly, it is hereby

**ORDERED**, that Defendant's Motion for Summary Judgment is **denied.**